Paul H. Bratton ABN 0711081
Law Offices of Paul H. Bratton
P.O. Box 463
Talkeetna, AK 99676
907.733.2185
(Fax) 772.679.8158
phbratton@gci.net

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

DANIEL PLEDGER & STACY PLEDGER, )
)
    Plaintiffs, )
)
  v. )  **Civil Case No.:**
)
)  **COMPLAINT AND DEMAND FOR**
CREDITORS FINANCIAL GROUP LLC, )  **JURY TRIAL (Unlawful Debt Collection**
RAY VINCIONI, and MIKE SEAVERS, )  **Practices; Alaska Unfair Trade Practices)**
)
    Defendants. )
)

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Defendants' unfair acts also violate the Alaska Unfair Trade Practices Act, A.S. 45.50.471, *et seq* Plaintiffs demand a trial by jury on all issues, in accordance with the U.S. Constitution and Federal Rule of Civil Procedure 38.

## II. JURISDICTION AND VENUE

*Pledger v. Creditors Financial, et al,* Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL
Page 1 of 13
Case 3:09-cv-00240-TMB   Document 1   Filed 12/02/09   Page 1 of 13

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, 50 U.S.C. App. 512, and under the doctrine of supplemental jurisdiction as set forth at 28 U.S.C. §1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business in Alaska and the conduct complained of occurred in Alaska.

### III. PARTIES

3. Sergeant DANIEL PLEDGER is a natural person who has resided in Fairbanks, Alaska, at all times material to the acts of the defendants complained of in this complaint.

4. Plaintiff STACY PLEDGER, wife of Daniel Pledger, is a natural person who has resided in Fairbanks, Alaska, at all times material to the acts of the defendants complained of in this complaint.

5. Defendant CREDITORS FINANCIAL GROUP, LLC (Creditors Financial) is a corporation doing business of collecting debts in this state with its principal place of business located at Aurora, Colorado. A principal business of Defendant Creditors Financial is the collection of debts using the mails and telephone.

6. Defendant RAY VINCIONI is an agent of Creditors Financial who acted as a debt collector using the telephone.

7. Defendant MIKE SEAVERS is an agent of Creditors Financial who acted as a debt collector using the telephone.

8. The purported debt that Defendants attempted to collect from Plaintiffs was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

*Pledger v. Creditors Financial, et al,* Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL
Page 2 of 13
Case 3:09-cv-00240-TMB   Document 1   Filed 12/02/09   Page 2 of 13

## IV. FACTUAL ALLEGATIONS

9. Around 2007, Daniel Pledger opened a credit card account with Bank of America on which he charged consumer goods.

10. The Pledgers incurred a debt of about $6000, and began making $300 a month payments in an attempt to pay off the debt.

11. In July 2009, the Pledgers moved from Oklahoma to Alaska and lost track of the Bank of America account; they possibly missed a payment.

12. Sometime thereafter, Plaintiffs are informed and believe that the alleged debt was consigned, placed, sold, or otherwise transferred to Creditors Financial for collection.

13. Without any warning that the debt had been reassigned or was being collected by Creditors Financial, on or about September 1, 2009, Creditors Financial called Joyce Crowder, Daniel Pledger's step grandmother and told her that she needed to contact Daniel because he owed them money. The call greatly upset Joyce Crowder.

14. Mike Seavers also called Sherri Pledger, Daniel Pledger's mother in Oklahoma, and told her that she needed to get Daniel to call him back immediately because Daniel owed money. Seavers threatened to call Daniel Pledger's sergeant if Daniel did not get back to him.

15. The second time Mike Seavers called Sherri Pledger, she told him not to call her again.

16. Seavers, or some other agent of Creditors Financial, called Sherri Pledger two times thereafter.

17. On or about September 21, 2009, Creditors Financial called Sergeant Daniel Pledger's workplace at the 472nd Military Police Company at Fort Wainwright.

18. Defendant's representative, Ray Vincioni, spoke to Sergeant Dimbo. Sergeant

*Pledger v. Creditors Financial, et al,* Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL
Case 3:09-cv-00240-TMB   Document 1   Filed 12/02/09   Page 3 of 13
Page 3 of 13

Dimbo passed the message along to First Sergeant Lingley who informed Daniel Pledger that he needed to call Vincioni back.

19. When Daniel Pledger called, Vincioni said that Creditors Financial was representing Bank of America. He said that Daniel had to come up with $5900 by the end of the month or they would take him to court. Daniel Pledger said he would make a payment and told them not to call him at work again.

20. Creditors Financial did call Daniel Pledger's workplace several times thereafter.

21. Daniel Pledger informed his wife of the call and she called Vincioni of Creditors Financial back. Vincioni told her she had to come up with $2900 by the end of the month.

22. Stacy Pledger asked why the debt was $9000 instead of $6000 as she believed. Vincioni replied only that it was $9000 but she could pay it off for two $2900 payments.

23. Using check-by-phone, Stacy Pledger authorized Creditors Financial to take $2000 (two thousand dollars) from her husband's bank account. She also requested paperwork to verify the amount of the debt and Creditors Financial's right to collect on the Bank of America account.

24. Vincioni told Stacy Pledger that he had to have another $900 by the end of the month, whether she had to get her family involved or whatever it took. Vincioni also told Stacy Pledger that she had to come up with another $2900 by the end of October.

25. No verification of the debt was ever received by the Pledgers. No validation notice was ever sent to the Pledgers.

26. Two thousand dollars ($2000) on check 1010, was withdrawn from Daniel Pledger's account on September 23, 2009.

27. A couple days later, Stacy Pledger called Vincioni and told him that there was no way she could come up with the $900. Vincioni screamed at Stacy on the phone saying that she

*Pledger v. Creditors Financial, et al,* Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL
Page 4 of 13
Case 3:09-cv-00240-TMB   Document 1   Filed 12/02/09   Page 4 of 13

had to make the payment, she had no choice or all other arrangements would be off.

28. This abusive behavior so upset Stacy that she called her mother, Lori Rivas, crying hysterically.

29. Her mother, Lori Rivas, called the number Stacy had been given and spoke with a man. She suggested that that they set up a payment plan but the man told her that it was too late to set up a payment plan or to negotiate, that Daniel had to come up with $2900 payment by Monday. Lori Rivas did not give the man her cell number.

30. Later, a representative of Creditors Financial called Lori Rivas' cell phone and left a message saying that Stacy had to call him back within an hour or he would have to take Stacy to court and call Daniel at work.

31. The agent of Creditors Financial called Lori Rivas' cell phone several times thereafter and left similar messages.

32. A representative of Creditors Financial also called Stacy Pledger's father, Francisco Rivas, and told him that he was a creditor and had to talk to Stacy Pledger right this minute.

33. Creditors Financial made numerous calls to the Pledgers' cellphones, some as early as 5am. The Pledgers' cell phones are on limited minute plans

34. On September 30, 2009, without any authorization from either of the Pledgers, Creditors Financial attempted to withdraw $900 (nine hundred dollars) from Daniel Pledger's account.

35. Because there was not enough money in the bank account to cover the withdrawal, the withdrawal did not go through.

36. Daniel Pledger was charged a $29 overdraft fee for the attempted withdrawal.

37. On or about October 2, 2009, a representative of Creditors Financial again called

*Pledger v. Creditors Financial, et al,* Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL
Page 5 of 13
Case 3:09-cv-00240-TMB   Document 1   Filed 12/02/09   Page 5 of 13

Sergeant Pledger's workplace and spoke to Sergeant Dimbo about Daniel Pledger's debt. Dimbo transferred the message along to Lingley who told Daniel Pledger that the debt collector had called.

38. At this time, the Pledgers were not aware that the unauthorized withdrawal had been attempted by Creditors Financial.

39. When Stacy Pledger learned of the call from Creditor Financial, she called Ray Vincioni who told her she had to come up with $2900 (twenty-nine hundred dollars) in October. She told him that she could not come up with that kind of money but that she could make monthly payments of $300 (three hundred dollars).

40. Vincioni told her that payments were no longer an option and that she had to come up with $2900 by the end of October. He told Stacy Pledger that she had to get whatever family involved necessary to get the money.

41. Stacy Pledger then learned that defendant had attempted to withdraw the funds from her husband's account. On or about October 12, 2009, she called Creditors Financial and asked to speak with a supervisor. She was told there were multiple supervisors.

42. She finally spoke with Andy and told him that she couldn't talk to Vincioni anymore because he yelled at her and belittled her. Andy said she would have to send Creditors Financial $900 (nine hundred dollars) to get the account current. He told her that she had to get $900 through Western Union to Creditors Financial within 24 hours or Creditors Financial would contact Sergeant Daniel's First Sergeant. Andy also told her that she would have to call Vincioni and give him the tracking number.

43. Stacy Pledger was extremely upset by Creditors Financial harassment and called a friend for help and comfort. Her friend suggested that she ask several questions. When she asked

when the last charge was made and when the last payment was made, she was told it was not important or relevant.

44. Stacy Pledger got up at 5:00 am the next morning On October 13, 2009, to contact Creditors Financial. She called and asked to speak to a supervisor and was told there were several supervisors but was connected finally to Andy who told her she needed to wire $900, or whatever amount she could come up with at the time, to Creditors Financial and to call Ray Vincioni and tell him that this was all she could pay. She was told that this was the only way to be in good standing in order to make any other arrangements.

45. Stacy Pledger went to the civilian legal assistance attorney on post for other reasons but asked about the debt collector's harassment while she was there. She was advised by the attorney not to make any further payments to Creditors Financial.

46. While she was at the attorney's office, she received a text message from her roommate. The message stated that a debt collector had called and said that Stacy must contact them immediately; that he may have found a solution but that she must make contact right away.

47. Later that day on October 13, 2009, Mike Seavers called Stacy Pledger on her cell phone although she had not given them her cell phone number. Previously to this, Creditors Financial had contacted Stacy on her home phone. He told her she would be speaking with him from that time on.

48. Stacy Pledger was so distressed and intimidated by Seavers that she turned on the speaker phone during this call so that her friend, Tara Wright, could hear the conversation.

49. Mike Seavers told Stacy that he may have a solution to her problem but that he needed to have a conference call with her mother to arrange for another $100 (one hundred dollars) to be added to each payment so that the payments would be $1100 on the 16th of October

*Pledger v. Creditors Financial, et al,* Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL

and $2000 on the 31st of October. He told her she had to Western Union him $700 (seven hundred dollars) as soon as possible that day.

50. When Stacy Pledger asked what her mother had to with this, Seavers said obviously the money was coming from her mother because he knew she and her husband didn't have it.

51. She told him that she refused to call her mother. Stacy also told him at that time that a lawyer advised her not to send another payment.

52. Seavers then began to yell at her and would not allow her to talk. He said that she had no option but to pay. He said that her husband, Daniel, had to sign a security clearance when he got his job and the army does not allow him to have debts, and that Daniel was going to start selling information to get his debts paid off. He also told her that they—Creditors Financial— could go in and take however much money they saw fit out of his paychecks if she didn't pay this now.

53. When Stacy said that they couldn't do that without going to court first, he told her that they could take out however much they saw fit even if it was all of it. He said that since she was refusing to be compliant, he would refuse to ever speak to her again and they would call Daniel's First Sergeant.

54. And then he hung up on her.

55. Approximately two hours later, Stacy Pledger's mother called and said that Seavers had called her cell phone and left a message that he couldn't get in touch with Stacy and that she had one hour to get in touch with him.

56. On October 19, 2009, the Pledgers' roommate, Jacob Smith, received a call from Mike Seavers who said he was with Creditors Financial and asked for Daniel Pledger.

57. On or about October 15, 2009 Stacy Pledger sent Creditors Financial a certified

*Pledger v. Creditors Financial, et al,* Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL
Page 8 of 13

letter asking that they not contact her family again.

58. Throughout this time, Stacy Pledger was under a doctor's care in preparation for surgery, and was told by her doctor that the additional stress she was experiencing was causing harm to her health and complicating her attempts to conceive.

59. Defendants' harassment and abuse caused the Pledgers anxiety, stress, difficulty sleeping, loss of appetite, tension in the Pledgers' family relationship, anger, and frustration. Stacy Pledger experienced episodes of crying, feeling tired all the time, distressed that these emotional upheavals would affect her ability to conceive a child and her welfare during her upcoming surgery, as well as distress that she was unable to follow her doctor's advice to decrease the stress in her life. Daniel Pledger experienced particular stress at the harassment at this time when he was preparing to be deployed.

## V. FIRST CLAIM FOR RELIEF

### (As against all Defendants for Violation of FDCPA)

60. Plaintiffs repeat and reallege and incorporate by reference all of the foregoing paragraphs.

61. Defendants Creditors Financial, Ray Vincioni and Mike Seavors are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

62. Plaintiffs Daniel and Stacy Pledger are "consumers" as defined by the FDCPA, 15 U.S.C. 1692a(3).

63. The purported debt that Defendants attempted to collect from Plaintiffs was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

64. Defendants violated the FDCPA by the above-described actions. Defendants'

*Pledger v. Creditors Financial, et al,* Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL
Page 9 of 13
Case 3:09-cv-00240-TMB   Document 1   Filed 12/02/09   Page 9 of 13

violations include, but are not limited to, the following:

   a. By harassing and threatening Plaintiffs over the phone, Defendants violated 15 U.S.C. §1692d.

   b. By falsely representing the character and the amount of the debt, Defendants have violated 15 U.S.C. §1692e(2)(A).

   c. By telling Stacy Pledger that they could take whatever money they wanted out of Daniel Pledger's wages, Defendants used false and misleading representations to collect or attempt to collect a debt, thereby violating 15 U.S.C. §1692e(5).

   d. By collecting or attempting to collect fees unauthorized by the contract, Defendants used false representation and deceptive means to collect or attempt to collect a debt, and so violated 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f(1).

   e. By attempting to withdraw funds from Plaintiff's bank account without authorization, Defendants violated 15 U.S.C. §1692f.

   f. By repeatedly threatening to sue Daniel Pledger without ever filing suit, and with no record of ever filing suit against debtors in Alaska, Defendants violated 15 U.S.C. §1692e(5).

   g. By failing to provide Plaintiffs with a validation notice within five days after the initial communication, Defendants violated 15 U.S.C. §1692g(3), 15 U.S.C. §1692g(4) and 15 U.S.C. §1692g(5).

   h. Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

   i. By calling Plaintiffs' cell phones at inconvenient times and places, Defendants violated 15 U.S.C. §1692c(a)(1).

*Pledger v. Creditors Financial, et al,* Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL
Page 10 of 13
Case 3:09-cv-00240-TMB   Document 1   Filed 12/02/09   Page 10 of 13

j. By calling Stacy Pledger's mother and revealing that Defendants were debt collectors, Defendants violated 15 U.S.C. §1692c(b).

k. By calling Daniel Pledger's mother and revealing that Defendants were debt collectors, Defendants violated 15 U.S.C. §1692c(b).

l. By calling Daniel Pledger's step grandmother and revealing that Defendants were debt collectors, Defendants violated 15 U.S.C. §1692c(b).

m. By calling Stacy Pledger's father and revealing that Defendants were debt collectors, Defendants violated 15 U.S.C. §1692c(b).

n. By calling Daniel Pledger's workplace, Defendants violated 15 U.S.C. §1692c(a)(3).

65. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiffs for declaratory judgment that Defendants' conduct violated the FDCPA, Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

**(As against all Defendants for Violation of Alaska UTP)**

66. Plaintiffs repeat and reallege and incorporate by reference all of the foregoing paragraphs.

67. By using unfair and deceptive acts and practices in attempting to collect, and by collecting, an alleged debt, Defendants violated A.S. 45.50.471(a).

68. By misrepresenting to Stacy Pledger that Defendants could take actions that cannot legally be taken, Defendants violated A.S. 45.50.471(b)(14).

69. As a result of Defendants' violations of the Alaska Unfair Practices Act, Defendants

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendants' conduct violated the FDCPA and Alaska's UTP;

    B. Actual damages pursuant to 15 U.S.C. § 1692k;

    C. Statutory damages pursuant to 15 U.S.C. §1692k;

    D. Actual damages and statutory damages of three times actual damages pursuant to A.S. 45.50.531(a);

    E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and A.S. 45.50.537;

    F. For punitive damages in the amount of at least $10,000.00; and,

    G. For such other and further relief as the Court may deem just and proper.

Dated this 28th day of November 2009.

                                                               \_\_\_\_s/ Paul H. Bratton_____
                                                               Paul H. Bratton
                                                               Law Office of Paul H. Bratton
                                                               P. O. Box 463
                                                               Talkeetna, AK 99676
                                                               Phone: 907.733.2185
                                                               Fax: 772.679.8158
                                                               Email: phbratton@gci.net

*Pledger v. Creditors Financial, et al,* Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL

ABN: 0711081

Attorney for Plaintiffs

*Pledger v. Creditors Financial, et al,* Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL
Case 3:09-cv-00240-TMB   Document 1   Filed 12/02/09   Page 13 of 13
Page 13 of 13